```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID C. KNUDSON,

                    Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-2828(JS)(AKT)

MICHAEL SPOSATO, Individually and
in his Official Capacity as Nassau
County Sheriff,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      David C. Knudson, pro se
                    12-A-0671
                    Five Points Correctional Facility
                    State Route 96
                    P.O. Box 119
                    Romulus, New York 14541

For Defendant:      No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the pro se Complaint brought by incarcerated pro se plaintiff David Knudson ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Michael Sposato, individually and in his official capacity as the Nassau County Sheriff ("Defendant"). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the action is sua sponte

dismissed in part.

BACKGROUND

Plaintiff's brief statement of claim alleges the following in its entirety:

> On 2/24/2011, plaintiff was placed in Nassau County Jail and housed in a pod that was filty [sic], overrun with mice, and roaches, and freezing cold at all times[.] I became sick and was sent to sick call, where it was found that my HEP. C viral load levels were dangerously high[.] I requested medical treatment by Dr. Laura, who stated that it cost to[o] much money, we are a new company (Armor Medical). We are here to save the County money. I filed many grievances.

(Compl. ¶ 2.) Plaintiff also alleges that he requires continuing treatment for "Hep. C and other ailments." (Id. ¶ 3.) Based on the foregoing, Plaintiff seeks to have "all issues addressed and corrected as well as to receive the medical care needed and be compansated [sic] for the time spent in those conditions, mental anguish." (Id. ¶ 4.)

DISCUSSION

I. In Forma Pauperis Applications[1]

Upon review of Plaintiff's declaration in support of his applications to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. §

---

[1] The Court notes that Plaintiff filed two applications to proceed in forma pauperis, one on May 2, 2013 and the other on June 12, 2013.

1915(a)(1). Therefore, Plaintiff's requests to proceed <u>in forma pauperis</u> are GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u>

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 123 (2d Cir. 2010), (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)), <u>aff'd</u>, --- U.S. ----, 133 S. Ct. 1659, --- L. Ed. 2d ---- (Apr. 17, 2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent

4

substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, Plaintiff seeks to challenge the conditions of his confinement while he was housed at the Nassau County Jail in February 2011. Plaintiff also requests that he be provided medical care for the Hepatitis C and "other ailments" he allegedly contracted while at the Nassau County Jail. However, Plaintiff is no longer incarcerated at the Nassau County Jail and is now incarcerated at the Five Points Correctional Facility in Romulus, New York. (Compl. ¶ 1.) See also http://nysdocslookup.docs.ny.gov (last visited on May 23, 2013). Thus, insofar as he seeks to compel the Defendant to provide adequate medical care at this juncture, such claims are moot. In this Circuit "a transfer from a prison facility moots an action for injunctive relief against the transferring facility." Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (citations omitted); see also Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) ("In view of the fact that appellant is no longer incarcerated at Auburn, his request for an injunction restraining the officials at Auburn from violating his civil rights is moot."); Kelleher v. Arnone, No. 11-CV-1914, 2012 WL 3866617, *1 (D. Conn. Aug. 30, 2012) (finding plaintiff's motion for injunctive relief regarding his confinement and medical treatment at a particular correctional facility moot because plaintiff had already

been transferred to a different correctional institution).

With regard to his claim for "compensation for the time spent in those conditions," the fact that Plaintiff was transferred to another facility does not render such claim for damages moot. <u>Prins</u>, 76 F.3d at 506. Accordingly, Plaintiff's claim for damages against the Defendant, though thin, shall proceed and the Court directs that the Clerk of the Court forward copies of the Summons, Complaint, and this Order to the United States Marshal Service for service upon the Defendant forthwith.

CONCLUSION

For the reasons set forth above, the applications to proceed <u>in forma pauperis</u> are GRANTED, but Plaintiff's claims for injunctive relief are <u>sua sponte</u> DISMISSED as moot. Plaintiff's remaining claim for money damages shall proceed and the Clerk of the Court is directed to forward copies of the Summons, Complaint, and this Order to the United States Marshal Service for service upon the Defendant forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Dated: July __10__, 2013         Joanna Seybert, U.S.D.J.
       Central Islip, New York